By the Court, Monell, J.
The defendant, as mortgagee of the ship, out of possession, would not be liable for repairs or supplies, except upon an express contract. It was competent for him to show by parol proof, that the bill of sale from Phillips to him, wMch by its terms conveyed to Mm the *316 absolute ownership to one fourth of the ship, was given, and received as collateral security for advances made. The evidence of this was positive and uncontradicted, and established that the instrument conveying that portion of the ship was a mortgage, and not an absolute conveyance.
The defendant, then, can only be made liable as a mortgagee in possession; and the question arises whether there was sufficient uncontradicted evidence of such a possession by the mortgagee, as authorized the direction to the jury,, that :the plaintiffs were entitled - to a verdict. There was no dispute^ that the repairs were necessary ; nor that they were supplied to the ship upon the order of the ship’s husbands. ■
The owners of ships, unlike any other personal property, are tenants in common, and the possession of one is the possession of all. (Pars. Mar. Law, vol. 1, p. 82.) The possession of a mortgagee may be constructive, and need not be manual. Any act which can be deemed in some degree equivalent to public notice that he is owner, added to his legal title.as owner, confers upon him the responsibilities and liabilities of an owner. (Ibid. 112. Miln v. Spinola, 4 Hill, 177.) The case shows that Howes & Go.f the ship’s husbands, on the 19th of November, 1859, wrote to'the defendant as follows : i .
“We write to say that the ship Neptune’s Oar is chartered . for a voyage from the port of New York" to San Francisco, California, and will, in due time, be fitted out and sent on the same ; and that you will be. held liable for the expenses,,-bills and outfits attending such voyage. In case you desire to have the voyage performed .at our expense, and for our profit, and to receive a bond fór safe return, please to say so, and we will give it' with pleasure ; otherwise we shall consider that you acquiesce in the voyage, and intend to be responsible for your share in the expenses and losses.”
To this letter Howes & Co. received no response whatever. Here was an express notice to the defendant that the ship was being fitted out for a voyage, and that he would be held liable for the expenses. He could have relieved himself from responsibility by consenting that the voyage should be perforfned at *317 the expense of Howes & Co., and receiving their hond for safe return; and he was apprised that if he did not consent to that, they should consider that he acquiesced in the voyage and intended to be responsible for his share in the expenses.
The neglect of the defendant to respond to this letter, could properly be regarded, and I think the law so regards it, as an assent by the defendant to become liable for the expenses attending the outfit of the ship. Howes & Co. recognized the right of the defendant to participate in the profits of the voyage, and intended he should.be liable for his share of the expenses* unless he agreed that the vdyage should be made for their profit alone.
The effect to be given to this letter and the defendant's silence, after its receipt by him, was to imply a promise by the defendant, to pay the expenses of the outfit and of the voyage ; the consideration for such promise being the anticipated profit in the adventure.
Had the evidence stopped here, it would, I think, have been sufficient to have charged the defendant. He was mortgagee, and had the right to take possession ; and his acquiescence in the voyage and consent to share the profits and losses, was the exercise of a control over the ship, which, within Miln v. Spinola, (supra,) amounted to a constructive, if not actual, possession of the vessel.
The plaintiffs, however, on the trial, introduced in evidence an amended complaint, sworn to by him, in an action brought by the defendant against the other owners of the ship, for an account of the profits of the ship on her voyage to California and back, and for payment to him of his share of such profits. In this complaint he asserts his rights as mortgagee ; avers the receipt by him of the letter of the 19th of Hovember, and alleges that he “ did not elect to have such voyage performed at the expense or for the profit of said Howes & Co., but that he acquiesced in such voyage, as for his account and risk as to the one fourth interest.” He claimed that he and the other owners were entitled to have the earnings of the ship on that voyage, applied to the discharge of the liabilities of himself *318 and the other owners, “ created through and under the management of the ship’s husbands, in the course of, or in connection with such voyage.” That Howes & Co. had not applied the earnings of the ship to the payment of the expenses attending such voyage, and the outfit therefor. And that he would he exposed to loss and liability from the non-payment of the outstanding claims and demands against the vessel.
In an affidavit of the defendant sworn to some days after the verification of the complaint, to obtain an injunction,, the defendant states, that he assumed that as he was, under the notice from Howes & Go., entitled to one fourth of the earnings, he was “ bound for a corresponding share of the outfits and expensesthat the outfits and supplies “procured before starting,” were in part for the return voyage, and if he had not supposed he was to participate in the earnings of the return voyage, “he would not have acquiesced in such proposal.” He further says, that assuming the notice of November 19 and his acquiescence therein, to have placed him in the legal position of mortgagee in possession, no subsequent event occurred, changing his relation to that of mortgagee out of possession.
These several statements made by .the defendant under oath, were not only competent, but strong evidence of the construction put by him upon his legal position to the ship, and should, I think, be deemed conclusive upon him.
It is claimed by the defendant that.he can not be held liable for any work or labor bestowed, or supplies furnished to the ship prior to the 19th of November. The order was an entire order to put upon the ship certain repairs, deemed necessary on her return from a previous voyage, and before her departure on her contemplated voyage to San Francisco. The bill of items shows that prior to that date the repairs amounted to #2,095.99.
The liability of the defendant for the repairs furnished prior to the 19th of November, depends upon the position he occupied on that day with respect to the ship. If there was nothing in his then attitude which reached back to the time the *319 order was given, he was not liable. We are to assume that the repairs were necessary. They were put upon the ship prior to her embarking upon a voyage which was to be undertaken for the joint profit of all the owners. These repairs were necessarily a part of the expenses of the ship, and were made to enable the vessel to perform, her voyage; and it was but just, that those who were to participate in the gains which would come to them from the adventure, should contribute towards helping the ship perform her voyage. Without repairs the ship in her condition could not go to sea, and all concerned received the benefit of the work put upon her. As those repairs contributed to the defendant’s gain, it would be unjust towards those who made them, on the credit of those who were liable, to release him from payment.
But apart from this, even if there is no express or implied promise by the defendant to pay, his subsequent recognition of the claim is sufficient to hold him. The evidence shows that he consented to become liable for the expenses of the voyage, including the outfit. This is an express admission which relates back and confirms the order given by the ship’s husbands on the 29 th of October, and from which the law implies a promise to pay. I think the evidence is too strong to admit of a doubt that the defendant recognised the authority of Howes & Co., to order the repairs ; and his subsequent ratification was as effectual as if he had conferred the original power. And. this brings the case within the numerous cases cited by the defendant’s counsel on the argument.
The evidence offered, to show the agreement upon which Phillips took the bill of sale, "and that Howes & Co. were informed that he took the bill of sale as collateral security, was properly excluded. These were transactions prior to the conveyance to Wright and could have no effect upon the interest acquired by him, or on the sale from Phillips.
The affidavit of Suydam used in the injunction suit was not competent evidence in this action. He was a competent witness and could have been examined on behalf of his co-defend *320 ant Wright, hut his written statements were not evidence, except to impeach himself.
The evidence offered, that at the time of the charter for the outward voyage, and on the 19th of November the homeward charter had not been agreed upon, was properly excluded. So also was the evidence offered, to show the disposition made by Howes & Co. of the charter money. This evidence did not tend in any" degree to relieve the defendant from the effect to be given to his acquiescence in the voyage, and his consent to become liable for the expenses and outfit.
Another reason for excluding all this evidence offered by the defendant was, that it could not affect the plaintiff’s right to recover, and was therefore immaterial.
The only negative evidence was that of the witness Suydam, who. testified that to his knowledge, prior to the 19th of November, the defendant had nothing to do with the ship. If the view which I have taken is correct, this evidence is wholly unimportant. The acts of the defendant on and subsequent to the 19th of November were sufficient to charge him.
There was no question of fact for the jury, and hence there was no error in the refusal to charge as requested, nor in the direction to the jury to find for the plaintiffs.
The exceptions- should be overruled and judgment ordered on the verdict.
Judgment ordered accordingly.